863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone Victor HARDIN, Plaintiff-Appellant,
v.
John MAKOWSKI, Kenney Roberson, Dorothy Bigelow, Jonnie May
Bass, Defendants- Appellees.
 No. 88-1422.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before KENNEDY, RALPH B. GUY Jr. and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant Tyrone Hardin, a prisoner under the jurisdiction of the Michigan Department of Corrections, initiated this action in forma pauperis on February 10, 1987 pursuant to 42 U.S.C. Sec. 1983 against various officials of the Huron Valley Men's Facility. Hardin had been disciplined by defendants for submitting a Freedom of Information act ("FOIA") request to the prison librarian which was deliberately designed to harass and degrade him. Hardin's Sec. 1983 suit alleged that defendants failed to accord him procedural due process in that he was not present at the hearing, he was not allowed to present witnesses, and he was denied a hearing investigator.
 
 
 2
 The matter was referred to the magistrate after plaintiff filed a motion for summary judgment and defendants filed a motion for dismissal. On January 12, 1988, the magistrate issued a report and recommendation recommending that defendants' motion to dismiss be granted. Plaintiff made timely objections to the magistrate's report and recommendation, and the district court issued an opinion on April 12, 1988, accepting in part and rejecting in part the magistrate's conclusions.
 
 
 3
 The district court rejected plaintiff's contention that he had been found guilty of violating an impermissibly vague rule which did not adequately describe the prohibited conduct. The court observed that plaintiff was not charged with simply filing a FOIA request, but rather with insolence. "The fact that the offending statements were made in the context of a F.O.I.A. request does not mean plaintiff did not have fair notice that such statements violated prison rules. Plaintiff's F.O.I.A. request was a deliberate attempt to harass and degrade the prison librarian in violation of prison rules." However, the district court concluded that plaintiff was entitled to summary judgment with respect to his procedural due process claim.
 
 
 4
 While the Misconduct Report (plaintiff's Exh. C) indicates that a hearing was scheduled for May 19, 1986, the Hearing report (plaintiff's Exh. E) indicates that plaintiff's hearing actually took place on May 23, 1986. There is nothing in the record to show that plaintiff was ever informed of this new date. The record indicates only that he was told by Officer Sloan on May 23, 1986, that he was wanted in the control center for a "ticket review." The failure of defendants to inform plaintiff of the correct hearing date and time violated plaintiff's procedural due process rights as set forth in Wolff v. McDonald, 418 U.S. 539, 563-65 (1974).
 
 
 5
 Having concluded that defendants violated plaintiff's procedural due process rights, the district court next considered the question of damages. The court concluded that because plaintiff would have been found guilty of insolence had he been notified of the hearing, he did not suffer any actual, compensable injury. The court therefore found that he was not entitled to compensatory damages. The court also refused to grant punitive damages because plaintiff did not establish that the defendants wilfully and intentionally violated his constitutional rights or that they acted with reckless indifference to his rights. Indeed, plaintiff did not even allege in his complaint that defendants wilfully and intentionally precluded him from attending the hearing or acted with reckless indifference to his rights. Therefore, the district court concluded that he was not entitled to punitive damages. However, the court did award plaintiff nominal damages of $1.00 for the violation of his due process rights. Plaintiff now appeals the district court's refusal to grant compensatory and punitive damages.
 
 
 6
 Having carefully reviewed the record and the briefs of the parties, we find that the district court's opinion correctly resolved all of the issues presented by this case. For this reason, we adopt the opinion of the district court and AFFIRM its judgment.